**TI BROADCASTING, INC., Appellant**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**Frank Alvin Delle, Jr., and Donald G. Fisher, d/b/a Voice of Middlebury, Intervenor.**

**No. 20339.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 15, 1966.

Decided Dec. 13, 1966.

---

Mr. Howard Jay Braun, Washington, D. C., with whom Mr. Peter Shuebruk, Washington, D. C., was on the brief, for appellant.

Mr. John H. Conlin, Associate Gen. Counsel, F. C. C., with whom Messrs. Henry Geller, Gen., Counsel, and Joseph A. Marino, Atty., F. C. C., were on the brief, for appellee. Mrs. Lenore G. Ehrig, Counsel, F. C. C., also entered an appearance for appellee.

Mr. Lauren A. Colby, Washington, D. C., for intervenor.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and TAMM, Circuit Judges.

PER CURIAM.

Appellant, licensee of Radio Station WIPS of Ticonderoga, New York, challenges orders of the Federal Communications Commission granting the application of intervenor Voice of Middlebury, for a first local radio station in Middlebury, Vermont. The application of intervenor was filed with the Commission on March 2, 1961, appellant's petition to deny or designate the application for hearing was filed approximately a year later, and the Commission's appealed-from orders were issued on April 20, 1966 and July 20, 1966.

Having initially through its own inadvertences deprived appellant of the opportunity to respond to three amendments filed by Voice, the Commission reviewed appellant's substantive arguments, set forth in its petition for reconsideration, regarding the materials in the amendments, "in the same manner as if they had been received" before the Commission's original decision. Following such review the Commission denied the petition for reconsideration. The Commission's corrective action also adequately disposes of appellant's attack upon specific procedural rules of the Commission, challenged for the first time on appeal.

Upon consideration of all the pleadings and data set forth by appellant on other issues, we agree with the Commission's reconsidered determination that no evidentiary hearing was required in this case.

Affirmed.